William M. Bankston
RuthAnne B. Bergt
Bankston Gronning O'Hara, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. 907-276-1711
Fax. 907 279-5358
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of COLASKA, INC. d/b/a SECON,<br><br>                Plaintiff,<br>   v.<br><br>KIEWIT INFRASTRUCTURE WEST CO., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>                Defendants. | Case No. _____ |

## **COMPLAINT**

Plaintiff COLASKA, INC. d/b/a SECON, by and through its attorneys, Bankston Gronning O'Hara, P.C., and for its complaint against defendants KIEWIT INFRASTRUCTURE WEST CO. and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, alleges as follows:

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v.*
*Kiewit Infrastructure West Co, et.al,*, Case No. _____  Page 1 of 16
S4637\1\PLEADINGS\COMPLAINT
Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 1 of 15

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

## JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1331, and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

## VENUE

1. The contract at issue was to be performed and executed in the First Judicial District, State of Alaska, in or about Prince of Wales Island. Venue therefore lies in Juneau.

## PARTIES

2. Plaintiff Colaska, Inc. d/b/a Secon (hereinafter "Secon") is an Alaska corporation, organized and existing under the laws of the State of Alaska, with its principal place of business in Anchorage, Alaska. Secon is a licensed general contractor. Secon is in all ways qualified to maintain this action.

3. Defendant Kiewit Infrastructure West Co. (hereinafter "Kiewit") is a corporation registered to do business in Alaska, and organized and existing under the laws of the State of Delaware, with is principal place of business in Omaha, Nebraska. Kiewit is a licensed general contractor.

4. Defendant Travelers Casualty and Surety Company of America (hereinafter "Travelers") is a corporation registered with the Alaska Division of Insurance to do business in Alaska, and organized and existing under the laws of the State of Connecticut, with is principal place of business in Hartford, Connecticut.

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v.*
*Kiewit Infrastructure West Co, et.al,*, Case No. _____ Page 2 of 16
S4637\1\PLEADINGS\COMPLAINT

Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 2 of 15

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

Travelers was the surety upon the construction project which is the subject matter of this Complaint.

## STATEMENT OF FACTS

5. On or about August 2, 2012, Kiewit entered into Contract No. DTFH70-12-C-00017 (hereinafter the "Prime Contract") with the Federal Highway Administration (hereinafter "FHWA") for the construction of the Deweyville Trailhead to Neck Lake Road, Prince of Wales Island, Alaska, designated as Project No. AK PFH 43(10) (hereinafter the "Project").

6. On or about October 25, 2013, Secon entered into a subcontract with Kiewit (the "Subcontract").[1]

7. Pursuant to the Subcontract, Secon's obligations consisted primarily of crushing D-1 Base course aggregate (source supplied by Kiewit), crushing all A/C aggregate (source supplied by Kiewit), and approximately eleven miles of asphalt cement paving (the "Project").

8. In accordance with Subcontract, Section 1.5(ii), Kiewit provided all rock sources for crushing (to make aggregate for hot asphalt pavement).

9. The rock was to be taken from a pit and from locations supplied and designated by Kiewit.

10. The asphalt mix design for the asphalt paving was designed and supplied by Kiewit.

---

[1] A copy of the Subcontract is attached as **Exhibit 1** to this Complaint and is in all ways made a part of this Complaint. While the Subcontract is dated October 25, 2013, Secon did not sign the Subcontract until March 4, 2014. On April 30, 2014, the Subcontract was entered into the Secon system with signatures from both parties.

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v.*
*Kiewit Infrastructure West Co, et.al,*, Case No. _____ Page 3 of 16
S4637\1\PLEADINGS\COMPLAINT

11. The asphalt mix design as designed by Kiewit had to be approved by the FHWA.

12. At least two different mix designs were prepared by Kiewit of which all but the last design failed to obtain FHWA approval. The third asphalt mix was approved by the FHWA with reservations.

13. When the FHWA approved the asphalt mix design, Kiewit knew or should have known that the asphalt mix design approved for the Project (and required to be followed by Secon) was not proper for the Project. Kiewit, with FHWA knowledge and approval, manipulated the asphalt mix design to pass the required Prime Contract tests when the FHWA and Kiewit knew or should have known the asphalt mix design was a defective asphalt mix design for the Project.

14. The mix design approved by the FHWA and followed by Secon was not suitable for this Project in that the mix design did not have enough tolerance for applications in the field for the Project.[2]

15. Kiewit made the asphalt mix design fit the aggregate and the aggregate was of poor quality.[3] Therefore, the asphalt mix design supplied by Kiewit was not the correct mix design for the Project. Due to the faulty asphalt mix design and the defective aggregate rock source, it was not possible to achieve the appropriate smoothness test. The mix design was especially not suitable for the application on the hills and curved sections of the Project.

---

[2] This same mix design with an asphalt additive (inserted in an attempt to remedy the mix design) failed the Hamburg Wheel Tracking Test. No Hamburg Wheel Tracking Test was performed with lime introduced.

[3] The asphalt mix design failed independent tests dated May 14, 2014 and June 27, 2014.

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v.*
*Kiewit Infrastructure West Co, et.al,*, Case No. _____   Page 4 of 16
S4637\1\PLEADINGS\COMPLAINT

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

16. The asphalt mix design was for a one inch lift, not a one and a half inch lift as specified, and was not the proper asphalt mix design for the three inch lift laid by Secon as directed by the FHWA inspector and approved by Kiewit during the performance of the Subcontract.[4] The asphalt mix design was too tender thereby making it impossible to lay down without generating the uneven surface that resulted in the penalty deduction.

17. Secon obtained the aggregate for the asphalt paving from the rock sources selected and furnished by Kiewit. Secon did not have an alternative for any other rock source. As Secon had no alternative rock source, the extremely poor quality rock provided by Kiewit, and known by FHWA, produced inferior asphalt during field production.

18. The source of the aggregate supplied by Kiewit was of extremely poor quality and did not meet the Prime Contract specifications for degradation of aggregate.

19. The rock source selected by Kiewit was primarily composed of limestone. This limestone material was not suitable for the Project. The limestone from the Kiewit rock source was not of good quality. During crushing and laydown of the asphalt, the aggregate broke down resulting in a 3% excess fine with the result that the asphalt was unstable and failed the smoothness test. The rock source also contained a considerable amount of organic materials which degraded the performance of the asphalt.

---

[4] This was discussed in a test strip meeting held on August 11, 2014 where the FHWA representative said that compaction would never be achieved unless a 1-3" lift was paved. Secon followed up with a letter per that meeting and at the request of the FHWA and Kiewit requesting a 3" mat.

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v.*
*Kiewit Infrastructure West Co, et.al,*, Case No. _____ Page 5 of 16
S4637\1\PLEADINGS\COMPLAINT

Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 5 of 15

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

20. The competency of the rock gave Secon a disadvantage to meeting the Subcontract requirement for ride smoothness due to the continual breakdown of the aggregate in all phases of the production and lay down of the asphalt. The defective, poor quality rock was known to Kiewit and to the FHWA. Even though Secon protested the rock quality, Secon was directed by Kiewit to proceed with the production of the aggregate and the asphalt lay down.

21. Secon performed the work required by the Subcontract in a workmanlike manner according to the plans and specifications using the rock source supplied by Kiewit and the asphalt mix design supplied by Kiewit. On September 9, 2014, Secon completed all work associated with the Subcontract.

22. Secon produced an asphalt product that met the gradation and voids in the mineral aggregate (or VMA) requirements of the mix design as approved by the FHWA. The incorrect mix design, poor quality rock resulted in the roughness of the paving Project and an inappropriately imposed penalty.

23. The specifications prepared by Kiewit did not utilize a tact coat. Kiewit deleted a tact coat and one lift from the job in order to save money on the project. The tact coat in addition to the additional lift would have allowed Secon to pass the profile test and not receive the resultant Secon Penalty.

24. After the asphalt was laid, a profile ride test was performed. The profile ride test was not the correct test for the Project. The profile ride test was incorrectly performed by the FHWA inspector. The individual performing the test for the FHWA was not competent. The FHWA inspector held no then current certification to perform

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v.*
*Kiewit Infrastructure West Co, et.al,*, Case No. _____ Page 6 of 16
S4637\1\PLEADINGS\COMPLAINT
Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 6 of 15

the test. The test that resulted in the penalty was improperly administered and should not have been used to assess the penalty.

25. As a result of the faulty asphalt mix design, the defective rock source, and the improper profile testing, a penalty of $664,499.17 was imposed (Secon Penalty). Secon was not paid the balance of its Subcontract for which it has performed and earned.

26. Kiewit had other disputes with the FHWA over the performance of the Contract. Kiewit allowed the Secon Penalty to be assessed and then used the Secon Penalty to settle other disputes with the FHWA to Kiewit's advantage. Kiewit in traded off other issues that Kiewit had with the FHWA and allowed the Secon Penalty to be imposed in its entirety against Secon to the detriment and prejudice of Secon.

27. Secon proposed a corrective action plan to correct the roughness. The corrective action plan was approved. After the first phase of the corrective action plan was complete, the remainder of the plan to continue was rejected by the FHWA with no explanation. Secon was only given the option to pay the Secon Penalty.

## FIRST CLAIM

### BREACH OF CONTRACT

28. Secon realleges and incorporates by reference all prior allegations contained in Paragraphs 1 through 27 above as though fully set forth herein.

29. On or about March 04, 2014, Secon entered into a Subcontract with Kiewit for the Deweyville Trailhead to Neck Lake Road, Project No. AK PFH 43(10)

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v.*
*Kiewit Infrastructure West Co, et.al,*, Case No. _____                Page 7 of 16
S4637\1\PLEADINGS\COMPLAINT
Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 7 of 15

(hereinafter the "Project"), located on Prince of Wales Island, Alaska. The Project was administered by the FHWA.

30. Secon's Subcontract with Kiewit consisted primarily of crushing D-1 Base course aggregate (source supplied by Kiewit), crushing all A/C aggregate (source supplied by Kiewit), and approximately eleven miles of asphalt cement paving.

31. Secon has performed all of its obligations under the Subcontract.

32. Kiewit has breached the Subcontract in that it has failed and refused to pay Secon in full for labor, services and materials furnished in the prosecution of the work provided for in the Prime Contract and pursuant to the Subcontract.

33. Kiewit further breached the Subcontract by failing to allow Secon to fully administer its approved corrective action plan.

34. Secon has suffered damages as a direct and proximate result of Kiewit's breach of contract.

## SECOND CLAIM

**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

35. Secon realleges and incorporates by reference all prior allegations contained in Paragraphs 1 through 34 above as though fully set forth herein.

36. Kiewit had multiple disputes with the FHWA over the performance of the Prime Contract.

37. One of Kiewit's disputes with the FHWA over the Project was regarding the roughness of the asphalt, which resulted in the Secon Penalty.

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v. Kiewit Infrastructure West Co, et.al,*, Case No. _____   Page 8 of 16
S4637\1\PLEADINGS\COMPLAINT

Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 8 of 15

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

38. Secon proposed a corrective action plan to address the issue. The corrective action plan was approved and Secon began to implement the corrective action plan.

39. During the administration of its corrective action plan, Secon was directed to stop performance.

40. Kiewit allowed the FHWA to assess the Secon Penalty in order to settle other disputes with the FHWA to Kiewit's sole advantage.

41. Kiewit did not allow Secon to perform the corrective action that would have eliminated or lessened the Secon Penalty.

42. Kiewit acted in its own self-interest in this regard, to the detriment of Secon. Kiewit breached the implied covenant of good faith and fair dealing.

43. Secon was harmed as a direct and proximate result of Kiewit's breach and is entitled to recover damages in an amount to be proven at trial.

## THIRD CLAIM

## BREACH OF EXPRESS WARRANTY

44. Secon realleges and incorporates by reference all prior allegations contained in Paragraphs 1 through 43 above as though fully set forth herein.

45. Pursuant to the Subcontract, Section 1.5(ii), Kiewit provided all rock sources for crushing (to make aggregate for hot asphalt pavement) for the Subcontract. The aggregate rock source was taken from a pit and locations supplied by Kiewit. The asphalt mix design, designed by Kiewit, was approved by the FHWA.

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v.*
*Kiewit Infrastructure West Co, et.al,*, Case No. _____   Page 9 of 16
S4637\1\PLEADINGS\COMPLAINT

Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 9 of 15

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

46. Secon had no alternative source by which aggregate rock source could be obtained under the Subcontract.

47. By representing to Secon that the asphalt mix design was approved by the FHWA, Kiewit expressly warranted that the asphalt mix design and aggregate rock source were fit for the Project.

48. The aggregate rock source provided by Kiewit was defective and not fit for this Project. Kiewit breached its express warranty in this regard.

49. Secon was harmed as a direct and proximate result of Kiewit's breach and is entitled to recover damages in an amount to be proven at trial.

## FOURTH CLAIM

## BREACH OF IMPLIED WARRANTY

50. Secon realleges and incorporates by reference all prior allegations contained in Paragraphs 1 through 49 above as though fully set forth herein.

51. Pursuant to the Subcontract, Section 1.5(ii), Kiewit provided all rock sources for crushing (to make aggregate for hot asphalt pavement) for the Subcontract. The aggregate rock source was taken from a pit and locations supplied by Kiewit. The asphalt mix design, designed by Kiewit, was approved by the FHWA.

52. Secon had no alternative source by which aggregate rock source could be obtained under the Subcontract.

53. By representing to Secon that the asphalt mix design was approved by the FHWA, Kiewit implied that the asphalt mix design and aggregate rock source were fit for the Project.

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v. Kiewit Infrastructure West Co, et.al,*, Case No. _____ Page 10 of 16
S4637\1\PLEADINGS\COMPLAINT

Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 10 of 15

54. The aggregate rock source provided by Kiewit was defective and not fit for this Project. Kiewit breached its implied warranty in this regard.

55. Secon was harmed as a direct and proximate result of Kiewit's breach and is entitled to recover damages in an amount to be proven at trial.

## FIFTH CLAIM
## NEGLIGENCE

56. Secon realleges and incorporates by reference all prior allegations contained in Paragraphs 1 through 55 above as though fully set forth herein.

57. When Kiewit created and submitted its asphalt mix design to the FHWA for approval, it knew or should have known that the design was not suitable for the Project.

58. Kiewitt entered into the Subcontract with Secon when Kiewit knew or should have known that the aggregate rock source provided and the mix design submitted were not proper for the Project.

59. As the sole supplier of the aggregate rock source and creator of the mix design, Kiewit had a duty to insure that the aggregate rock source and the mix design were appropriate for the Project.

60. The specifications prepared by Kiewit did not utilize a tact coat. Kiewit deleted a tact coat from the Project in order to save money. The tact coat would have prevented the FHWA from assessing the Secon Penalty.

61. Kiewit breached this duty and Secon was harmed as a direct and proximate result.

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v.*
*Kiewit Infrastructure West Co, et.al,*, Case No. _____   Page 11 of 16
S4637\1\PLEADINGS\COMPLAINT

Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 11 of 15

62. Secon is entitled to recover damages for Kiewit's negligence in an amount to be proven at trial.

## SIXTH CLAIM

### NEGLIGENT MISREPRESENTATION

63. Secon realleges and incorporates by reference all prior allegations contained in Paragraphs 1 through 62 above as though fully set forth herein.

64. Kiewit represented that the aggregate rock source provided to Secon and the asphalt mix design created and approved were fit for the purpose intended.

65. Kiewit's representation to Secon in this regard was false.

66. Kiewit failed to use reasonable care when making the representation.

67. Secon justifiably relied on Kiewit's misrepresentation.

68. Secon suffered monetary loss as a direct and proximate result of Kiewit's misrepresentation.

69. Secon is entitled to recover damages for Kiewit's misrepresentation in an amount to be proven at trial.

## SEVENTH CLAIM

### VIOLATION OF ALASKA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT (AS 45.50.471 *et seq.*)

70. Secon realleges and incorporates by reference all prior allegations contained in Paragraphs 1 through 69 above as though fully set forth herein.

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v. Kiewit Infrastructure West Co, et.al,*, Case No. _____  Page 12 of 16
S4637\1\PLEADINGS\COMPLAINT
Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 12 of 15

71. Kiewit committed an unfair or deceptive act or practice by representing to Secon that the aggregate rock source and mix design had approval and were proper for the Project.

72. In doing so, Kiewit represented that the aggregate rock source was of a particular quality and/or standard of which it was not.

73. Secon relied on Kiewit's representation in entering into the Subcontract and has suffered an ascertainable loss of money as a result of the unfair act or practice.

74. Secon is entitled to recover any and all damages sustained as a result of such violation of the Alaska Unfair Trade Practices and Consumer Protection Act, in an amount to be determined at trial.

## EIGHTH CLAIM

## QUANTUM MERUIT

75. Secon realleges and incorporates by reference all prior allegations contained in Paragraphs 1 through 74 above as though fully set forth herein.

76. Secon provided valuable labor, services, and materials that were necessary for Kiewit to perform and complete its obligations under the Prime Contract with the FHWA.

77. Kiewit benefited from Secon's labor, services, and materials, including but not limited to the fact that Kiewit could not have completed and performed its obligations under the Prime Contract without Secon's labor, services, and materials.

78. Kiewit has failed and refused to pay Secon for the labor, services, and materials referenced herein.

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v. Kiewit Infrastructure West Co, et.al,*, Case No. _____ Page 13 of 16
S4637\1\PLEADINGS\COMPLAINT

Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 13 of 15

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

79. Kiewit used acceptance of the Secon Penalty to negotiate a dispute with the FHWA over other aspects of the Project. This action by Kiewit benefited Kiewit at the expense of Secon.

80. Secon has suffered damages and Kiewit has been unjustly enriched as a result of Kiewit's failure to pay Secon for the labor, services, and materials provided.

## NINTH CLAIM

## MILLER ACT PAYMENT BOND

81. Secon realleges and incorporates by reference all prior allegations contained in Paragraphs 1 through 80 above as though fully set forth herein.

82. Travelers is obligated, pursuant to Kiewit's payment bond (hereinafter the "Bond"), to pay Secon for the labor, services, and materials it furnished in the prosecution of work provided for in the Prime Contract, and for which Kiewit failed to make payment.

83. Travelers has failed to fulfill its obligation under the Bond to pay Secon for labor, services, and materials furnished in the prosecution of work provided for in the Prime Contract, for which Kiewit failed to make payment.

84. Secon is entitled to payment from Travelers pursuant to the Miller Act, 40 U.S.C. §3133.

WHEREFORE, Secon prays for relief as follows:

1. For judgment against Kiewit and Travelers in the amount of $664,499.17.

2. For judgment against Kiewit and Travelers for enhanced damages related to violation of the Alaska Unfair Trade Practices and Consumer Protection Act.

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v.*
*Kiewit Infrastructure West Co, et.al,*, Case No. _____    Page 14 of 16
S4637\1\PLEADINGS\COMPLAINT
Case 3:15-cv-00159-JWS   Document 1   Filed 09/09/15   Page 14 of 15

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

3. For an award against Defendants for its costs, interest and attorney's fees.

4. For such other relief as this Court deems just and equitable.

DATED at Anchorage, Alaska this 3rd day of September, 2015.

BANKSTON, GRONNING, O'HARA, P.C.

By: s/William M. Bankston
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Phone: (907) 276-1711
Fax: (907) 279-5358
E-mail: wbankston@bgolaw.pro
AK Bar #7111024

By: s/RuthAnne B. Bergt
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Phone: (907) 276-1711
Fax: (907) 279-5358
E-mail: rbergt@bgolaw.pro
AK Bar #1311071

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bgolaw.pro

COMPLAINT
*United States of America for the use and benefit of Colaska, Inc.d/b/a Secon v.*
*Kiewit Infrastructure West Co, et.al,*, Case No. _____ Page 15 of 16
S4637\1\PLEADINGS\COMPLAINT
Case 3:15-cv-00159-JWS Document 1 Filed 09/09/15 Page 15 of 15